# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

**ZECKEYA PERRY**                                                                                          **PLAINTIFF**
**ADC #156241**

V.                                      NO. 5:19-cv-00259-BSM-ERE

**WELLPATH**                                                                                               **DEFENDANT**

## RECOMMENDED DISPOSITION

**I.    Procedures for Filing Objections:**

This Recommendation for the dismissal of Mr. Perry's remaining claim has been sent to Judge Brian S. Miller. Any party may file written objections. Objections should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be received in the office of the Court Clerk within 14 days of this Recommendation. If no objections are filed, Judge Miller can adopt the Recommendation without independently reviewing the record. By not objecting, the parties may waive any right to appeal questions of fact.

**II.   Background:**

Zeckeya Perry, an Arkansas Division of Correction (ADC) inmate, filed this civil rights lawsuit without the help of a lawyer under 42 U.S.C. § 1983. He complains that he was denied adequate dental treatment. *Doc. 2*.

The Court previously dismissed Mr. Perry's claims against Defendants Watson, Harris, Day, McHan, and Stringfellow, leaving Wellpath as the sole

remaining Defendant. *Docs. 44, 51.* Mr. Perry's claims against Wellpath are limited to the time period between October 19, 2016 and February 6, 2017. *Doc. 51.*

Wellpath has now moved for summary judgment on Mr. Perry's remaining claims. *Doc. 74.* Mr. Perry has responded to the motion, and Wellpath has replied to Mr. Perry's response. *Docs. 79, 80, 81, 82, 85, 86.* The motion is now ripe for review.

### III. Discussion:

#### A. Standard

Summary judgment is appropriate when the record, viewed in a light most favorable to the nonmoving party, demonstrates that there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. See FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 249-50 (1986). The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323. Once that has been done, the nonmoving party must present specific facts demonstrating that there is a material dispute for trial. See FED. R. CIV. P. 56(c); *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011). A party is entitled to summary judgment if - but only if - the evidence shows that there is no genuine dispute about any fact important to the outcome of the case. See FED. R. CIV. P. 56; *Odom v. Kaizer*, 864 F.3d 920, 921 (8th Cir. 2017). Because

Wellpath is the moving party, the Court will construe any disputed facts in a light favorable to Mr. Perry.

B.     Factual Background

Mr. Perry complains that he was denied adequate dental treatment for tooth numbers 2, 4, 15, 18, and 30.

On or around October 21, 2016, Mr. Perry submitted a sick-call request complaining about tooth pain and a cavity. *Doc. 75-1 at p.42*. That request was referred to the dental department.

On November 7, 2016, Mr. Perry submitted a sick-call request stating that he "need[ed] [his] teeth filled." *Doc. 82 at p.1*. The following day, Nurse Hargrave (not a party to this lawsuit) saw Mr. Perry and referred him to the dental department. *Doc. 82 at p.1*.

On November 10, 2016, Mr. Perry submitted his next sick-call request regarding dental treatment. *Doc. 82 at p.14; Doc. 75-1 at p.35*. At that time, Mr. Perry complained about a toothache. He was, again, referred to the dental department. Mr. Perry noted that he had "already placed one dental sick call." Nurse Hargrave told Mr. Perry that "we did not have a unit dentist at this time and [he] would be seen." *Doc. 75-1 at p.35*. According to Mr. Perry's medical records, he "[v]oiced understanding." *Doc. 75-1 at p.35*.

3

On November 15, 2016, Mr. Perry submitted another sick-call request stating "need my teeth filled." *Doc. 82 at p.15*.

On November 30, 2016, medical staff examined Mr. Perry after he submitted another sick-call request complaining of tooth pain. *Doc. 75-1 at p.26*. Mr. Perry explained that he wanted to be seen by a member of the dental department. On the same day, Nurse Hargrave made the requested referral. *Doc. 75-1 at p.26.*

On January 5, 2017, Dr. Stringfellow (a former Defendant) examined Mr. Perry. *Doc. 75-1 at p.12*. Dr. Stringfellow noted that dental "decay is present and is restorable." *Doc. 75-1 at p.12*. At that time, Dr. Stringfellow placed Mr. Perry on the "restorative list." He recommended fillings for tooth numbers 2, 15, 18, and 30. Dr. Stringfellow told Mr. Perry that he would receive treatment at his next dental appointment and that, if he needed further treatment, Mr. Perry should submit a request form.[1] *Doc. 75-1 at p.12.*

During his deposition, Mr. Perry testified that, following his January 5 encounter with Dr. Stringfellow, he suffered pain and assumed that Dr. Stringfellow would provide him pain medication. *Doc. 75-3 at pp.37-38*. However, between January 5 and February 6, Mr. Perry's next encounter with Dr. Stringfellow, Mr.

---

[1] In his deposition, Mr. Perry testified that, at this encounter, he complained about pain in tooth number 4, but that Dr. Stringfellow failed to make a notation of his complaint. *Doc. 75-3 at pp.35-36*. There is no evidence that Mr. Perry actually made that complaint at that time.

Perry did not submit any sick-call requests regarding: (1) his need for dental treatment; (2) his need for pain medication; or (3) complaints of a toothache.[2]

On February 6, 2017, Dr. Stringfellow examined Mr. Perry. *Doc. 75-1 at p.1.* At that time, Mr. Perry complained of pain in tooth number 4 and he requested that Dr. Stringfellow extract that tooth. Dr. Stringfellow noted that Mr. Perry wanted to "wait on fillings that were scheduled for today." *Doc. 75-1 at p.1.* Dr. Stringfellow provided Mr. Perry pain medication, then extracted tooth number 4. Dr. Stringfellow explained to Mr. Perry "what treatment would be performed at the next dental appointment." *Doc. 75-1 at p.1.*

    C.    Deliberate-Indifference Claim

Mr. Perry complains that Wellpath failed to adequately staff the Varner Supermax Unit with a full-time dentist. *Doc. 75-3 at p.50.* As a result, Mr. Perry alleges that he suffered a delay in receiving dental treatment. He claims that, if he had received more timely dental treatment, he would not have had to have tooth number 4 extracted. *Doc. 75-3 at p.51.*

Mr. Perry cannot hold Wellpath liable based solely on the conduct of its employees. *Burke v. North Dakota Depart. of Corr. & Rehab.*, 294 F.3d 1043, 1044

---

[2] In his deposition, Mr. Perry stated that he requested pain medication from medical staff members multiple times. *Doc. 75-3 at p.45*. He explains that, although these individuals "referr[ed] [him] to dental," [t]hey never referred [him] no ibuprofen." *Doc. 75-3 at p.45*. It is undisputed that Mr. Perry could have purchased pain medication in the commissary during the relevant time period. *Doc. 75-2 at pp. 1, 3*.

(8th Cir. 2002). Rather, corporations such as Wellpath are liable only for their unconstitutional policies or practices; that is, only if they had "a policy, custom, or official action that inflicted an actionable injury." *Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006); see also *Sanders v. Sears Roebuck & Co.*, 984 F.2d 972, 975-76 (8th Cir. 1993).

Deliberate indifference to a prisoner's serious medical needs is a kind of unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). An inadvertent or negligent failure to provide adequate medical care is different from deliberate indifference. Negligence, even gross negligence, is not deemed "an unnecessary and wanton infliction of pain." *Estelle*, 429 U.S. at 105. Likewise, disagreement with treatment decisions cannot support a deliberate indifference claim. *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006); see also *Dulany v. Carnahan*, 132 F.3d 1234, 1239-40 (8th Cir. 1997) (where medical records show that treatment was provided; and physician affidavits state that the care was adequate, an inmate's belief that she did not receive adequate care is insufficient to create disputed material fact). Stated another way, Wellpath can be held liable only if its actions were "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." *Dulany*, 132 F.3d at 1240-1241 (citing *Smith v. Jenkins*, 919 F.2d 90, 93 (8th Cir. 1990)); see also *Allard v. Baldwin*, 779 F.3d 768, 771-72 (8th Cir. 2015) (to prevail on eighth amendment

claim, inmate must show that defendants' mental state was akin to criminal recklessness). Mr. Perry "must clear a substantial evidentiary threshold" to show that Wellpath acted with deliberate indifference. *Johnson v. Leonard*, 929 F.3d 569, 576 (8th Cir. 2019).

Wellpath attaches to its motion the affidavit of Susan Douglas, a dentist licensed to practice in the State of Arkansas. *Doc. 75-4.* With regard to Mr. Perry's inadequate-staffing argument, Dr. Douglas explains that: (1) Dr. Stringfellow provided 20 hours of dental care at the Varner Unit each week; (2) the Regional Dental Director "was on-call for dental issues 24 hours a day during this period of time"; and (3) "Correct Care Solutions was actively recruiting dentists to fill the full time position at the Varner Unit during this period of time." *Doc. 75-4 at pp.2-3.*

Dr. Douglas also states that she reviewed Mr. Perry's medical records. She noted that the medical staff examined Mr. Perry multiple times during the relevant time period without any "notation of a subjective complaint of pain." *Doc. 75-4 at p.1.* Finally, Dr. Douglas states that, in her opinion, Dr. Stringfellow's extraction of tooth number 4 on February 6 was appropriate. *Id. at 2.*

At the summary judgment stage, Mr. Perry's unsupported assertions that Wellpath was deliberately indifferent are insufficient. "When the movant makes prima facie showing of entitlement to summary judgment, the respondent must discard the shielding cloak of formal allegations and meet proof with proof by

7

showing a genuine issue as to a material fact." *Conseco Life Ins. Co. v. Williams*, 620 F.3d 902, 909 (8th Cir. 2010) (quoting *Flentje v. First Nat'l Bank of Wynne*, 11 S.W.3d 531, 539 (2000)).

On the issue of the delay in dental treatment, Mr. Perry has not come forward with any proof to show that any delay actually caused a detrimental effect on his prognosis. See *Gibson v. Weber*, 433 F.3d 642, 646-47 (8th Cir. 2006) (an inmate claiming that his medical care was inadequate because of a delay in treatment must place verifying medical evidence in the record to establish the detrimental effect of the alleged delay in treatment). While Mr. Perry alleges that he complained of pain in tooth number 4 at his first appointment with Dr. Stringfelllow, his medical records do not support that allegation. Furthermore, there is no evidence that the lack of a full-time dentist at the Varner Supermax Unit actually resulted in any delay in treatment. At most, Wellpath acted negligently in failing to have a full-time dentist on staff at the Varner Unit. Accordingly, Wellpath is entitled to judgment as a matter of law on Mr. Perry's deliberate-indifference claim.

### IV. <u>Conclusion</u>:

The Court recommends that Wellpath's motion for summary judgment *(Doc. 74)* be GRANTED. Mr. Perry's claims should be DISMISSED, with prejudice.

DATED this 16th day of June, 2021.

_____
UNITED STATES MAGISTRATE JUDGE